IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **HENRY BROOMFIELD, #K92261,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 3:21-cv-01579-SMY |
| | ) | |
| **J. B. PRITZKER**, *Governor, State of IL*, | ) | |
| **SONYA NICHOLS**, *Warden, Dixon CC*, | ) | |
| **C/O PAPKE, and** | ) | |
| **C/O COY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Henry Broomfield, an inmate in the custody of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights. This case is now before the Court for preliminary review of the First Amended Complaint (Doc. 19) under 28 U.S.C. § 1915A and for purposes of case management.

### Discussion

Plaintiff asserts claims for violations of his constitutional rights that are unrelated. As a result, the Court must determine whether the claims are properly joined or, if improperly joined, should be severed or dismissed. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Therefore, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *See George*, 507

F.3d at 607. Federal Rule of Civil Procedure 21 grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Plaintiff contends Public Acts 100-1182 and 99-69, signed into law by Governor Pritzker, have resulted in a violation of his equal protection rights as it relates to his sentence and eligibility for parole. He also alleges that he caught COVID-19 while at Dixon Correctional Center and asserts claims against the warden and two correctional officers. These claims involve different defendants, separate transactions and occurrences, and arose at different prisons. The only common defendant is Governor Pritzker, but his alleged involvement is not enough to bring the unrelated claims under the same umbrella.[1] Accordingly, consistent with *George v. Smith* and Federal Rules of Civil Procedure 20 and 21, the Court will sever the equal protection claim against Governor J. B. Pritzker into a new case. That claim will be subject to 1915A review in the newly severed case.

The Dixon claims against Governor Pritzker, Warden Nichols, C/O Papke, and C/O Coy remain in this case. Venue for federal civil rights actions brought under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b) under which such actions may be brought only in (1) the judicial district where any defendant resides (if all defendants reside in the same State), (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant is subject to the court's personal jurisdiction with

---

[1] Plaintiff fails to state a claim against Governor Pritzker related to the Dixon claims based on the sole allegation that Governor Pritkzer is the "overseer" and "didn't protect [him] from getting covid" (Doc. 19, p. 1). *See Taylor v. Ways*, 999 F.3d 478, 493 (7th Cir. 2021) ("For constitutional violations under § 1983, a government official 'is only liable for his or her own misconduct. There is no such thing as *respondeat superior* liability for government officials under § 1983. The supervisor is therefore liable only if []he was personally involved in the constitutional violation." (internal quotation marks and citations omitted)). Because the Dixon claims will be transferred, the Court leaves the determination as to whether Governor Pritzker should be dismissed for the transferee court.

respect to the action, if there is no district in which the action may otherwise be brought. Because Dixon is located in the judicial district for the Northern District of Illinois, Western Division, *see* 28 U.S.C. § 93(a), it is the appropriate forum for the claims remaining in this case. Therefore, those claims will be transferred.

### Disposition

The equal protection claim against Governor J. B. Pritzker is severed into a new case. In the new case, the Clerk of Court is **DIRECTED** to file the following documents:

- This Memorandum and Order; and
- The First Amended Complaint (Doc. 19).

Pursuant to 28 U.S.C. §§ 1391(b) and 1404(a) and on the Court's own motion, this action, which consists of the claims arising at Dixon Correctional Center against Defendants Governor Pritzker, Warden Nichols, C/O Papke, and C/O Coy is **TRANSFERRED** to the United States District Court for the Northern District of Illinois, Western Division, for such further proceedings as that Court may deem appropriate. No summons shall issue in this action unless so directed by the transferee court.

**IT IS SO ORDERED.**

**DATED:  July 21, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**